IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LISA LOWRY, Individually and as representative of the estate of JIMMY LOWRY, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-20-06-SPS |
| JULIA INIGUEZ, | ) ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This case arises out of an automobile accident that occurred in Southeast Oklahoma on September 9, 2018. The Plaintiff, Lisa Lowry, on her own behalf and as representative of the estate of her husband Jimmy Lowry has sued Julia Iniguez under this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, alleging an Oklahoma state law claim of negligence. This matter is now before the Court on motion for summary judgment by the Defendant Julia Iniguez. For the reasons set forth below, the Court finds that the Defendant Julia Iniguez's Motion for Summary Judgment [Docket No. 46] should be GRANTED.

## PROCEDURAL HISTORY

The Plaintiff Lisa Lowry filed suit individually and on behalf of the estate of her husband, Jimmy Lowry, against the Defendant in the District Court of Bryan County, Case No. CJ-2019-219, on December 9, 2019. The Defendant removed the case to this Court on January 6, 2020, asserting federal diversity jurisdiction pursuant to 28 U.S.C. § 1332. The

Plaintiff's Petition sets out one Oklahoma state law claim for negligence. The Defendant asserts she is entitled to summary judgment and that this claim fails as a matter of law. Plaintiff originally failed to respond to the Defendant's motion for summary judgment, and this Court entered an order directing Plaintiff to show cause why the motion for summary judgment should not be granted. *See* Docket No. 48. Plaintiff never responded to this Court's show cause order, instead filing out of time her response to the summary judgment motion. *See* Docket No. 49. As Defendant has not objected and in light of the Court's strong predisposition for resolving cases on their merits, *see, e. g.*, *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992), the Court therefore chooses to address Defendant's motion on the merits.

## LAW APPLICABLE

Summary judgment should be granted if the record shows that "there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party has the burden of showing the absence of a genuine issue of material fact, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), and the evidence is to be taken in the light most favorable to the non-moving party, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). However, an adverse party must "properly support an assertion of fact or . . . properly address another party's assertion of fact as required by Rule 56(c)" by "citing to particular

parts of materials in the record . . . or . . . showing that the materials cited do not establish the absence or presence of a genuine dispute[.]" Fed. R. Civ. P. 56(c).

## FACTUAL BACKGROUND

This case involves a rollover vehicle accident which resulted in the death of Mr. Jimmy Lowry. The relevant undisputed facts[1] in this case reflect that Mr. Lowry was driving south on Willafa Woods Road near Cartwright, Oklahoma on September 8, 2018. He was speeding, was not wearing his seat belt, and the driver's side window was down. Docket No. 46, pp. 2-3, ¶¶ 2, 7 & Ex. 3, p. 8. At the same time, Ms. Iniguez was driving west on a gravel road that came to a "T" with Willafa Woods Road. Ms. Iniguez stopped at the stop sign, intending to turn right, *i. e.*, northbound, onto Willafa Woods Road. Docket No. 46, p. 1, ¶ 1. Ms. Iniguez testified that as she lifted her foot off the brake pedal and her car began moving forward, she saw Mr. Lowry's vehicle moving southbound, put her foot back on the brake, and placed her arm in front of her daughter who was riding in the passenger seat of her vehicle. She testified that her vehicle did not enter Willafa Woods Road, or at least it did not make it entirely onto the road, when she removed her foot from the brake. Docket No. 46, pp. 2-3, ¶¶ 2-3 & Ex. 2, pp. 2-3. She also testified that Mr. Lowry's vehicle was not visible to her right (the direction she was turning), so she then

---

[1] The Court notes that the Plaintiff's untimely Response to Defendant's Motion for Summary Judgment [Docket No. 49] contains a section with her own "Undisputed Material Facts" but does not directly address the "Undisputed Material Facts" contained in the Defendant's original Motion for Summary Judgment [Docket No. 46, pp. 1-7]. As Plaintiff has failed to dispute Defendant's proffered undisputed material facts, the Court shall "consider the fact[s] undisputed for purposes of the motion," as permitted by F.R.C.P. 56(e). *See also* EDOK L.Civ.R. Rule 56.1(c) ("Each fact in dispute shall be numbered, shall refer with particularity to those portions of the record upon which the opposing party relies, and if applicable, *shall state the numbered paragraphs of the movant's facts that are disputed*.") [emphasis added].

proceeded to turn northbound onto Willafa Woods Road. Docket No. 46, pp. 2-3, ¶ 5. Once on Willafa Woods Road, she observed Mr. Lowry's vehicle roll over and come to a stop behind her. *Id.* & Ex. 2, pp. 2-3. She gave statements and also testified that her vehicle did not come into contact with Mr. Lowry's. Docket No. 46, p. 3, ¶ 8 & Ex. 1, pp. 16-17; Ex. 2, pp. 2-3; Ex. 6, p. 3. Police determined that the Defendant was not on her phone during the relevant time frame. Docket No. 46, Ex. 9.

There were no witnesses to the events leading up to Mr. Lowry's death, but the result was that Mr. Lowry swerved west then swerved completely across to the east side of the road into a field, rolled his truck, was partially ejected, and died. Docket No. 46, p. 3, ¶¶ 6-7 & Ex. 2, pp. 4-6.; Ex. 4, p. 5. Officers who responded to the accident appear to have assumed that a collision occurred between Mr. Lowry's truck and Ms. Iniguez's car, and they took custody of Ms. Iniguez's vehicle that evening. Docket No. 46, Exs. 4-6. When police accessed the Event Data Recorder (EDR) in Ms. Iniguez's car, they found no accident/collision data. *See* Docket no. 46, Exs. 5 & 9, p. 2. Mr. Lowry's truck was not equipped with an EDR, and no data was therefore obtained from his vehicle. *Id.* Defendant's expert, whose calculations are unchallenged by the Plaintiff, calculated that Mr. Lowry was going 54 mph in a 45 mph zone while not wearing a seatbelt, and that he also may have been driving down the center of the road. Docket No. 46, Ex. 3, p. 8.

Plaintiff says that there was possibly contact between Defendant's vehicle and Mr. Lowry's because Ms. Iniguez had a black mark on her car when police examined it. When the troopers processed Ms. Iniguez's vehicle, they photographed "an area on the left front bumper, just below the headlight, with damage/black marks." *See* Docket No. 46, Ex. 5,

p.2. The police report indicates that officers were unable to say whether there was contact between the vehicles, although there was a potential corresponding mark on the rear driver's side tire of Mr. Lowry's truck. Docket No. 46, Exs. 5-6. The report likewise noted a "small area on the rear tire [of Mr. Lowry's truck that] appeared consistent with a contact mark, but could not be definitively determined to be contact from [Ms. Iniguez's car] (or if the [car] even came in contact with [the truck])." *Id.* Defendant's expert described the mark on Mr. Lowry's tire as a "scuffed area" and concluded that if her car had made contact with Mr. Lowry's truck there, the impact "would cause rapid rotation away from that contact which would be counter-clockwise [and] would leave obvious scuff marks during that rotation." *See* Docket No. 46, Ex. 3, p. 7. Mr. Lowry's truck did not move this way, as found by the troopers who calculated the trajectory after the accident. *Id.* Defendant's expert says that although contact was certainly possible, Mr. Lowry's truck did not rotate the way he would have expected if it had collided with Defendant's car. Docket No. 46, Ex. 3, pp. 7-8.

Plaintiff has provided no expert opinion as to the evidence in this case. Plaintiff essentially agrees that the black mark on Defendant's car only shows that there was "possibly" contact between the vehicles, but goes on to argue that Defendant must in some way be at fault because Mr. Lowry was "a professional driver of many years." *See* Docket No. 49, p. 6.

## ANALYSIS

The Defendant contends that she is entitled to summary judgment in this case because there is no evidence of negligence on her part, *i. e.*, there is no evidence to support


a finding that she breached a duty, nor is there evidence that any of her actions were the proximate cause of Mr. Lowry's death.  The Plaintiff contends that the Defendant did breach her duty, that a factual dispute remains as to the proximate cause of Mr. Lowry's accident, and that the jury should be permitted to determine comparative fault.  For the reasons set forth below, the Court finds that the Defendant is entitled to summary judgment in this case.

"Whether summary judgment should [be] granted in this federal diversity case is [] governed by the standard found in the Federal Rules of Civil Procedure as applied to Oklahoma's substantive law." *Taber v. Allied Waste Sys., Inc.*, 642 Fed. Appx. 801, 812 n.2 (10th Cir. 2016) (*citing C.F. Braun & Co. v. Okla. Gas & Elec. Co.,* 603 F.2d 132, 133 n.1 (10th Cir. 1979) ("The propriety of summary judgment in federal diversity cases must be evaluated in light of the Federal Rules of Civil Procedure rather than state procedural law, but with reference to the state's substantive law.")).  The Supreme Court has stated that the "plain language Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.  Under Oklahoma law, "[i]t is fundamental that three elements must be shown in order to establish actionable negligence:  (1) existence of a duty on the part of the defendant to protect plaintiff from injury; (2) defendant's breach of the duty; and (3) injury to plaintiff proximately resulting therefrom." *Scott v. Archon Group, L.P.*, 2008 OK 45, ¶ 17, 191 P.3d 1207, 1211. "Because this is a diversity case governed by Oklahoma law, 'we ascertain and apply

Oklahoma law such that we reach the result that would be reached by an Oklahoma court.'" *Ritch v. Carrabbas Italian Grill L.L.C.*, 719 Fed. Appx. 838, 840 (10th Cir. 2018) (*quoting Martinez v. Angel Expl., LLC*, 798 F.3d 968, 973 (10th Cir. 2015)).

Under Oklahoma law, "[i]t is axiomatic that the mere fact that an injury occurs carries with it no presumption of negligence. Also that in an action to recover damages for an injury caused by negligence, the burden is on the plaintiff to show the existence of negligence, and that the negligence was the proximate cause of the injury." *Gillham v. Lake Country Raceway*, 2001 OK 41, ¶ 7, 24 P.3d 858, 860. "If evidence as to the cause of an injury is based on speculation, a 'prima facie case is not established.'" *Taber v. Allied Waste Systems, Inc.*, 2015 WL 1119750, at *3 (W.D. Okla. March 11, 2015) (*quoting Gillham*, 24 P.3d at 806). Furthermore, "[e]vidence which makes it necessary to speculate as to what caused an accident is not sufficient to withstand a demurrer and take the issue of negligence to the jury for determination." *Lawson v. Anderson & Kerr Drilling Co.*, 1938 OK 273, ¶¶ 0, 13, 84 P.2d 1104, 1105 ("An inference of negligence must be based upon something other than mere conjecture or speculation, and it is not sufficient to introduce evidence of a state of facts simply consistent with or indicating a mere possibility, or which suggests with equal force and leaves fully as reasonable an inference of the nonexistence of negligence. The inference of negligence must be the more probable and more reasonable inference to be drawn from the evidence.") (internal quotations and citations omitted).

Here, the Plaintiff has provided no evidence to support a finding that the Defendant breached any duty giving rise to an inference of negligence on her part. The Plaintiff argues

that there are questions regarding where the Plaintiff's car was located when Mr. Lowry's truck rolled over, and that her story simply does not "add up." In essence, the Plaintiff theorizes that because Mr. Lowry had been a professional truck driver, the Defendant must somehow be at least partially at fault. But such speculation is not proof of negligence on the Defendant's part. Furthermore, the Plaintiff has wholly failed to adduce any evidence that the Defendant caused Mr. Lowry's injuries. The Plaintiff argues that the black scuff marks show "possible contact" between the vehicles, but such conjecture is insufficient to escape summary judgment on the issue of probable cause. As the Plaintiff notes, proximate cause is ordinarily a question for the jury "unless there is no evidence from which a jury could reasonably find a causal connection." *Fargo v. Hays-Keuhn*, 2015 OK 56, ¶ 13, 352 P.3d 1223, 1227 (*citing Jackson v. Jones*, 1995 OK 131 ¶ 5, 907 P.2d 1067, 1071 ("If *facts relevant to the question of primary negligence are in dispute*, the issue *must* be submitted to the jury.") [emphasis in original]). *See also Hardy v. Southwestern Bell Tel. Co.*, 1996 OK 4, 910 P.2d 1024, 1027 ("[U]nder traditional principles of causation in negligence actions, plaintiff must present evidence that it is "more likely than not" that the harm suffered was caused by defendant's negligence.").

Because the purported proof of negligence and causation in this case is based upon speculation and conjecture, the Plaintiff has failed to state a *prima facie* case. *See Bones v. Honeywell International, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004) ("Unsubstantiated allegations carry no probative weight in summary judgment proceedings. To defeat a motion for summary judgment, evidence, including testimony, must be based on more than mere speculation, conjecture, or surmise.") (citations omitted). Any inference of

negligence here would be based solely upon the speculation that the Defendant must have been negligent because there was an accident and she was there. *See Lawson*, 1938 OK 273, ¶ 13, 84 P.2d at 1105 ("An inference of negligence must be based upon something other than mere conjecture or speculation[.]"). Furthermore, any inference that the Defendant's negligence caused Mr. Lowry's injuries would be based solely upon the speculation that there was a collision between the vehicles. *See Taber*, 2015 WL 1119750, at *3 ("If evidence as to the cause of an injury is based on speculation, a 'prima facie case is not established.'") (*quoting Gillham*, 24 P.3d at 806). Inasmuch as the Plaintiff has failed to carry her burden "to make a showing sufficient to establish the existence of an element essential to [her] case," *Celotex*, 477 U.S. at 322, the Defendant is entitled to summary judgment.

## CONCLUSION

Accordingly, Defendant Julia Iniguez's Motion for Summary Judgment [Docket No. 46] is hereby GRANTED.

**DATED** this 1st day of April, 2021.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**